Ridge Trading, LLC v. United States of America, Department of the Treasury...nternal Revenue Service        Doc. 1

FILED
SEP 2 8 2007
Sep. 28, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ridge Trading, LLC, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) 07cv5505 |
| United States of America, Department of the | ) JUDGE LEINENWEBER |
| Treasury – Internal Revenue Service, | ) MAG. JUDGE BROWN |
| | ) |
| Respondent. | ) |

### PETITION TO QUASH SUMMONS

Petitioner Ridge Trading, LLC, by its undersigned attorneys, requests pursuant to 26 U.S.C. § 7609 that this Court grant its Petition to Quash Summons issued by the United States of America, Department of the Treasury - Internal Revenue Service and in support of its petition states:

#### PARTIES

1. This civil action against the United States is to quash an IRS summons issued to John E. Rogers, an individual residing in Kenilworth, Illinois, within this judicial district. A true and correct copy of the summons (and attachments) is attached hereto and incorporated herein as Exhibit A.

2. Ridge Trading, LLC is an Illinois corporation in good standing that primarily does business in Brazil.

3. Respondent United States of America, Department of the Treasury - Internal Revenue Service (IRS) is tasked with helping compliant taxpayers with the tax laws and ensuring that non-compliant taxpayers pay their fair shares. Internal Revenue Manual (IRM) 1.1.1.1(2). The IRS' mission is to "[p]rovide America's taxpayers top quality service by helping

them understand and meet their tax responsibilities and by applying the tax law with integrity and fairness to all." IRM 1.1.1.1(1).

4. The summons issued to Mr. Rogers is part of a nationwide harassment effort on the part of the IRS which already has spawned litigation in the United States District Court for the Northern District of Illinois, a complaint brought under the Freedom of Information Act titled *Kozacky & Weitzel, P.C. v. United States of America*, case No. 2007-cv-2246 (the "FOIA Complaint"), a petition to quash formal document requests (FDRs) titled *Good Karma, LLC, et al. v. United States of America*, case No. 2007-cv-2697, and petitions to quash summonses titled *Good Karma, LLC, et al. v. United States of America*, case No. 2007-cv-3930 and *Portfolio Properties, Inc., et al. v. United States Of America*, case No. 2007-cv-4740. Similar petitions to quash summonses have also been filed in United States district courts in California, Colorado, Florida, Georgia, Massachusetts, Michigan, New Jersey, North Carolina, Pennsylvania, Tennessee and Texas. On or about July 27, 2007 a motion to transfer those petitions to quash to the United States District Court for the Northern District of Illinois was filed with the Judicial Panel on Multidistrict Litigation, *In re Good Karma IRS Litigation*, MDL-1885. That motion is pending before the panel.

5. The IRS has summoned Mr. Rogers to appear for examination on October 22, 2007.

### JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 26 U.S.C. § 7609(h) because Mr. Rogers, the individual summoned, resides or is found in this judicial district.

## BACKGROUND FACTS

7. Petitioner is in the business of consumer receivable management and collection, partnering with creditors for the servicing and collection of semi-performing and performing consumer receivables in a trillion-dollar global industry that is driven by increasing levels of consumer debt, increasing defaults of the underlying receivables and increasing utilization of third-party providers to collect such receivables. In addition, petitioner notes it is among a group that is the first of its kind to establish such a business in Brazil. Petitioner and these other entities have used the structure and prototypes of various public companies in the United States already engaged in the industry to ensure that their business operates profitably.

8. Based upon the IRS' assertion that petitioner and other petitioners throughout the country ("national petitioners") engaged in "tax shelters" and "abusive transactions" for purposes of § 1.6011-4(b)(2) of the Income Tax Regulations, the IRS launched an audit of petitioner and national petitioners covering certain tax years ending on December 31, 2003, December 31, 2004, or both.

9. Pursuant to the audit, the IRS propounded a series of Information Document Requests (IDRs), IRS Form 4564, upon petitioner and national petitioners.

10. Beginning in 2006, multiple broad IDRs, often requesting duplicative or non-existent documents, were propounded upon petitioner and national petitioners.

11. Despite the number of IDRs propounded upon them, petitioner and national petitioners made every effort to comply with the IRS' requests.

12. Apart from complying with the IDRs, attorneys for petitioner and national petitioners remained in continuous communication with numerous IRS agents, including, but not limited to, Larry Weinger, Raymond J. Tabor, Piotr Kleszcz, Kathy Medlar, Thomas Pike, Susan

White, Mary Anne Harrison and Chris Therman. Petitioner and national petitioners were required to submit identical information to each IRS agent and often required to resubmit information repeatedly to the same IRS agent.

13. In the event petitioner or national petitioners were unable or unwilling to comply with certain requests in response to the IDRs, they lodged specific objections, referred the IRS to previously submitted documentation, or pledged to provide the documents when they became available.

14. Additionally, when the IRS requested documents too numerous or burdensome for total compliance, petitioner and national petitioners suggested methods for ensuring compliance, including "sampling" the documents, making their records available for on-site inspection, or offering to fly IRS agents to Brazil to inspect the original documents. Petitioner and national petitioners also made it known to the IRS that they remained committed to satisfying their responsibilities in connection with these audits.

15. Notwithstanding petitioner and national petitioners' substantial and costly efforts to comply with the IDRs, in 2007 the IRS began propounding FDRs under 26 U.S.C. § 982 upon petitioner and national petitioners.

16. As justification for the FDRs, the IRS alleged that petitioners and/or national petitioners did not provide all of the requested information described in previously submitted IDRs.

17. Despite the issuance of the FDRs, the IRS continues to propound IDRs upon petitioner and national petitioners.

18. In addition to IDRs and FDRs, the IRS issued letters to numerous taxpayers around the country due to their purported participation in "tax shelter" or "abusive" transactions relating to petitioner and national petitioners.

19. To determine the source of the accusations directed against these taxpayers, Kozacky & Weitzel, P.C. submitted FOIA requests.

20. After the IRS failed to comply with counsel's FOIA requests, counsel for this petitioner and others filed the FOIA Complaint (*see* paragraph 4, *supra*).

### THE SUMMONS

21. On September 11, 2007 IRS agent Tabor issued a summons directed at Mr. Rogers relating to petitioner.

22. To obtain judicial enforcement of the summonses, the IRS must establish that: 1) the investigation is being conducted for a legitimate purpose; 2) the inquiry may be relevant to that purpose; 3) the information sought is not already in the IRS's possession and 4) the administrative steps required by the Internal Revenue Code (IRC) have been followed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964).

23. The investigation is not being conducted for a legitimate purpose. Due process, the IRC, the IRM and Treasury Regulations have not been followed. The transactions at issue are not abusive tax shelters and the government knows this.

24. IRS agent Weinger told Mr. Rogers that the auditors were being guided by district counsel who planned to litigate the results of the audit so that the audit was essentially a pre-litigation discovery tool. Mr. Weinger also told Mr. Rogers that it made no difference whether the taxpayer proved bad business debt as part of the audit because district counsel had already decided to litigate.

5

25. In partial evidence of this, on September 17, 2007 the IRS issued a "Final Notice of Partnership Administrative Adjustment" to petitioner regarding its 2003 tax returns. Pursuant to 26 U.S.C.A. § 6226(a), petitioner's tax matters partner has ninety days in which to file a petition for readjustment in Tax Court, United States district court, or the Court of Federal Claims. The deficiency was determined before the IRS had a chance to examine any documents requested pursuant to the summons. Accordingly, the IRS has determined a deficiency exists without examining documents which may tend to show the existence of bad business debt.

26. Therefore, based on information and belief, the IRS is utilizing its broad summons power in an attempt to obtain records it may not be able to obtain in a tax proceeding when it is bound by the more limiting rules of discovery. Such a motive is highly inappropriate and constitutes harassment upon the taxpayer. *See PAA Management, Ltd. v. United States*, Nos. 91 C 168, 91 C 169, 91 C 170, 92 WL 346314 (N.D. Ill. Nov. 19, 1992); *United States v. Administration Co.*, No. 94 C 2057, 94 WL 240518 (N.D. Ill. May 31, 1994), *aff'd*, 46 F.3d 670 (7th Cir. 1995).

27. Auditors also admitted (to Mr. Rogers on May 4, 2007) that they considered petitioner and national petitioners' collective efforts to comply with tax laws "sincere." As such, these summonses should be quashed.

28. The summonses represent further harassment of petitioner. Prior to issuing IDRs in this matter, the IRS initially attempted to settle with the individual investors of petitioner and/or other similarly situated parties. In telephone conversations with these investors, the IRS threatened the imposition of severe penalties if the investors failed to settle. Those calls were made before any notice of audit.

29. When it became clear that settlement would not occur, the IRS embarked on a series of excessively burdensome and overtly harassing tactics. For example, on two separate occasions the IRS threatened one of petitioner's attorneys with sanctions.

30. After months of harassing telephone calls and letters sent by the examining agents, as well as countless IDRs and FDRs, the summons is another attempt by the IRS to intimidate petitioner to abandon its lawful positions with respect to the audits.

31. The summons is just one of many summonses directed at others throughout the country. In addition to the summons at issue, over 80 other summonses have been issued to individuals residing throughout the country.

32. IRS summons "issued for an improper purpose, *such as to harass the taxpayer*, are not enforced by courts as enforcement would constitute an abuse of the court's process." *United States v. Powell*, 379 U.S. at 58 (emphasis added). Accordingly, the summons should be quashed.

33. Much, if not all, of the information sought is already in the IRS' possession. Petitioner and national petitioners have already provided the IRS with thousands of pages worth of documents, responsive records, DVDs and CD-ROMs containing vast amounts of information. To date, petitioner and national petitioners' collective cost of complying with the demands of the IRS has exceeded $750,000, not including attorneys' fees and costs associated with defending against the IRS' harassing tactics.

34. The IRS' actions have already hindered petitioner's and national petitioners' ability to conduct business, raise capital and ultimately either sell off – or go public with – their business.

35. Furthermore, any information that could be uncovered through the proposed examination is available to the IRS through standard audit procedures of petitioner.

36. The summons should also be quashed because the administrative steps required by the IRC have not been followed.

37. The service of a third party summons is a third party contact which requires prior notification under the provisions of IRC § 7602. The IRS is required to send a copy of summons to the taxpayer's designated representative at the same time it served the summons on the third party. Although the IRS has been notified through Power of Attorney form 2848 that petitioners are represented by counsel, e.g. Paul Kozacky, Christopher Saternus and Janessa Griffin, after reasonable inquiry, it appears that counsel were never served with the summons served on Mr. Rogers. The IRS is continuing this improper practice even following service of complaints objecting to the practice.

38. In response to IRC § 7602, the IRS promulgated IRM § 4.10.1.6.12.2 which states that IRS employees may not contact third parties without first providing reasonable notice that contacts with persons other than the taxpayer may be made.

39. Under Treasury Regulation § 601.506(a), any notice or written communication regarding the taxpayer must also be provided to the taxpayer's representative at the same time. Under 28 U.S.C. § 7609(a)(1), notice of a summons is required to be given within three days of the date on which service is made to a third party. The summons in this case is dated September 11, 2007. However, as of the filing of this petition, notice to petitioner's counsel has not been given. This is an egregious violation of the IRC and due process. The IRS is continuing this improper practice even following service of complaints objecting to the practice.

40. Under IRM § 25.5.1.4, before issuing a summons, the IRS is required to attempt to obtain information voluntarily from taxpayers and witnesses. Under IRM § 4.10.2.9.3, IRS examiners are instructed not to use a "shot gun" IDR approach and only request documents relevant to the examination.

41. Despite the fishing expedition the IRS is engaging in, petitioner has complied with IRS requests and supplied much of the information likely sought to be obtained through the summonses.

42. The summons should also be quashed because it is an attempt by the IRS to cause an extension of the relevant statute of limitations. As with the aforementioned FDRs which forced other related petitioners to file petitions to quash those FDRs and thus extend the relevant statute of limitations despite substantial compliance with audit requests, the government is again forcing an extension of the statute of limitations through the issuance of the summons. The IRS is continuing this improper practice even following service of complaints objecting to the practice.

43. Therefore, since the summons is an improper attempt by the IRS to extend the applicable statute of limitations, it should be quashed for this reason as well.

44. Finally, the summons and its compliance procedures are unconstitutional on their respective faces and as applied in that they constitute a deprivation of property without due process of law in violation of the fifth amendment, violate separation of power principles entrusting judicial review to article III tribunals and impinge on petitioner's free speech and free association rights, as well as petitioner's right to petition the government for redress of grievances, all in violation of the first amendment.

45.  For the forgoing reasons, the summons should be quashed.

Respectfully submitted,

RIDGE TRADING, LLC

By: _____
One of its attorneys

Paul J. Kozacky (ARDC #6188031)
Jerome R. Weitzel (ARDC #6217032)
John M. Sheldon (ARDC #6256666)
KOZACKY & WEITZEL, P.C.
55 West Monroe Street, Suite 2450
Chicago, Illinois 60603
312/696-0900

**To:** John E. Rogers Tax Matters Partner Ridge Trading LLC    **Date:** September 11, 2007
**Address:** 162 Abingdon Avenue, Kenilworth, Il 60043

Enclosed is a copy of a summons served by the IRS to examine records made or kept by, or to request testimony from, the person summoned. If you object to the summons, you are permitted to file a lawsuit in the United States district court in the form of a petition to quash the summons in order to contest the merits of the summons.

## General Directions

1. You must file your petition to quash in the United States district court for the district where the person summoned resides or is found.

2. You must file your petition within 20 days from the date of this notice and pay a filing fee as may be required by the clerk of the court.

3. You must comply with the Federal Rules of Civil Procedure and local rules of the United States district court.

## Instructions for Preparing Petition to Quash

1. Entitle your petition "Petition to Quash Summons."

2. Name the person or entity to whom this notice is directed as the petitioner.

3. Name the United States as the respondent.

4. State the basis for the court's jurisdiction, as required by Federal Rule of Civil Procedure. See Internal Revenue Code Section 7609(h).

5. State the name and address of the person or entity to whom this notice is directed and state that the records or testimony sought by the summons relate to that person or entity.

6. Identify and attach a copy of the summons.

7. State in detail every legal argument supporting the relief requested in your petition. See Federal Rules of Civil Procedure. Note that in some courts you may be required to support your request for relief by a sworn declaration or affidavit supporting any issue you wish to contest.

8. Your petition must be signed as required by Federal Rule of Civil Procedure 11.

9. Your petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4.

10. At the same time you file your petition with the court, you must mail a copy of your petition by certified or registered mail to the person summoned and to the IRS. Mail the copy for the IRS to the officer whose name and address are shown on the face of this summons. See 7609(b)(2)(B).

The court will decide whether the person summoned should be required to comply with the summons request. Your filing of a petition to quash may suspend the running of the statute of limitations for civil liability or for criminal prosecution for offenses under the tax laws for the tax periods to which the summons relates. Such suspension would be in effect while any proceeding (or appeal) with respect to the summons is pending.

The relevant provisions of the Internal Revenue Code are enclosed with this notice. If you have any questions, please contact the Internal Revenue Service officer before whom the person summoned is to appear. The officer's name and telephone number are shown on the summons.



Department of the Treasury
Internal Revenue Service
www.irs.gov

Form 2039 (Rev.12-2001)
Catalog Number 21405J

Ex. A



Part D — to be given to noticee

**Sec. 7609. Special procedures for third-party summons**

(a) Notice-
    (1) In general. - If any summons to which this section applies requires the giving of testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code (as defined in 7612(d)(2)) with respect to, any person (other than the person summoned) who is identified in the summons, then notice of the summons shall be given to any person so identified within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined. Such notice shall be accompanied by a copy of the summons which has been served and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons.
    (2) Sufficiency of notice. - Such notice shall be sufficient if, on or before such third day, such notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned. If such notice is mailed, it shall be sufficient if mailed to the last known address of the person entitled to notice or, in the case of notice to the Secretary under section 6903 of the existence of a fiduciary relationship, to the last known address of the fiduciary of such person, even if such person or fiduciary is then deceased, under a legal disability, or no longer in existence.
    (3) Nature of summons. - Any summons to which this subsection applies (and any summons in aid of collection described in subsection (c)(2)(D)) shall identify the taxpayer to whom the summons relates or the other person to whom the records pertain and shall provide such other information as will enable the person summoned to locate the records required under the summons.

(b) Right to intervene; right to proceeding to quash. -
    (1) Intervention. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to intervene in any proceeding with respect to the enforcement of such summons under section 7604.
    (2) Proceeding to quash. -
        (A) In general. - Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.
        (B) Requirement of notice to person summoned and to Secretary. - If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).
        (C) Intervention, etc. - Notwithstanding any other law or rule of law, the person summoned shall have the right to intervene in any proceeding under subparagraph (A). Such person shall be bound by the decision in such proceeding (whether or not the person intervenes in such proceeding).

(c) Summons to which section applies. -
    (1) In general. - Except as provided in paragraph (2), this section shall apply to any summons issued under paragraph (2) of section 7602(a) or under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7612.
    (2) Exceptions. - This section shall not apply to any summons
        (A) served on the person with respect to whose liability the summons is issued, or any officer or employee of such person;
        (B) issued to determine whether or not records of the business transaction or affairs of an identified person have been made or kept;
        (C) issued solely to determine the identity of any person having a numbered account (or similar arrangement) with a bank or other institution described in section 7603(b)(2)(A);
        (D) issued in aid of the collection of-
            (i) an assessment made or a judgment rendered against the person with respect to whose liability the summons is issued, or
            (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i).
        (E) - (i) issued by a criminal investigator of the Internal Revenue Service in connection with the investigation of an offense connected with the administration or enforcement of the internal revenue laws, and
            (ii) served on a person who is not a third-party recordkeeper (as defined in section 7603(b)), or
        (F) described in subsection (f) or (g).
    (3) Records. - For purposes of this section, the term records includes books, papers, and other data.

(d) Restriction on examination of records. - No examination of any records required to be produced under a summons as to which notice is required under subsection (a) may be made -
    (1) before the close of the 23rd day after the day notice with respect to the summons is given in the manner provided in subsection (a)(2), or
    (2) where a proceeding under subsection (b)(2)(A) was begun within the 20-day period referred to in such subsection and the requirements of subsection (b)(2)(B) have been met, except in accordance with an order of the court having jurisdiction of such proceeding or with the consent of the person beginning the proceeding to quash.

(e) Suspension of Statute of Limitations. -
    (1) Subsection (b) action. - If any person takes any action as provided in subsection (b) and such person is the person with respect to whose liability the summons is issued (or is the agent, nominee, or other person acting under the direction or control of such person), then the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) or under section 6531 (relating to criminal prosecutions) with respect to such person shall be suspended for the period during which a proceeding, and appeals therein, with respect to the enforcement of such summons is pending.
    (2) Suspension after 6 months of service of summons. - In the absence of the resolution of the summoned party's response to the summons, the running of any period of limitations under section 6501 or under section 6531 with respect to any person with respect to whose liability the summons is issued (other than a person taking action as provided in subsection (b)) shall be suspended for the period-
        (A) beginning on the date which is 6 months after the service of such summons, and
        (B) ending with the final resolution of such response.

(f) Additional requirements in the case of a John Doe summons. -
Any summons described in subsection (c)(1) which does not identify the person with respect to whose liability the summons is issued may be served only after a court proceeding in which the Secretary establishes that -
    (1) the summons relates to the investigation of a particular person or ascertainable group or class of persons,
    (2) there is a reasonable basis for believing that such person or group or class of persons may fail or may have failed to comply with any provision of any internal revenue law, and
    (3) the information sought to be obtained from the examination of the records or testimony (and the identity of the person or persons with respect to whose liability the summons is issued) is not readily available from other sources.

(g) Special exception for certain summonses. -
A summons is described in this subsection if, upon petition by the Secretary, the court determines, on the basis of the facts and circumstances alleged, that there is reasonable cause to believe the giving of notice may lead to attempts to conceal, destroy, or alter records relevant to the examination, to prevent the communication of information from other persons through intimidation, bribery, or collusion, or to flee to avoid prosecution, testifying, or production of records.

(h) Jurisdiction of district court; etc. -
    (1) Jurisdiction. - The United States district court for the district within which the person to be summoned resides or is found shall have jurisdiction to hear and determine any proceedings brought under subsection (b)(2), (f), or (g). An order denying the petition shall be deemed a final order which may be appealed.
    (2) Special rule for proceedings under subsections (f) and (g). - The determinations required to be made under subsections (f) and (g) shall be made ex parte and shall be made solely on the petition and supporting affidavits.

(i) Duty of summoned party. -
    (1) Recordkeeper must assemble records and be prepared to produce records- On receipt of a summons to which this section applies for the production of records, the summoned party shall proceed to assemble the records requested, or such portion thereof as the Secretary may prescribe, and shall be prepared to produce the records pursuant to the summons on the day on which the records are to be examined.
    (2) Secretary may give summoned party certificate. - The Secretary may issue a certificate to the summoned party that the period prescribed for beginning a proceeding to quash a summons has expired and that no such proceeding began within such period, or that the taxpayer consents to the examination.
    (3) Protection for summoned party who discloses. - Any summoned party, or agent or employee thereof, making a disclosure of records of testimony pursuant to this section in good faith reliance on the certificate of the Secretary or an order of a court requiring production of records or the giving of such testimony shall not be liable to any customer or other person for such disclosure.
    (4) Notice of suspension of statue of limitations in the case of a John Doe summons. - In the case of a summons described in subsection (f) with respect to which any period of limitations has been suspended under subsection (e)(2), the summoned party shall provide notice of such suspension to any person described in subsection (f).

(j) Use of summons not required. -
Nothing in this section shall be construed to limit the Secretary's ability to obtain information, other than by summons, through formal or informal procedures authorized by sections 7601 and 7602.



# Summons

In the matter of Ridge Trading, LLC
Internal Revenue Service (Division): Large and Mid-Size Business
Industry/Area (name or number): Retailers, Food, Pharmaceuticals and Healthcare
Periods: January 1, 2003 through December 31, 2004

### The Commissioner of Internal Revenue

To: John E. Rogers

At: 162 Abingdon Avenue, Kenilworth, Il 60043

You are hereby summoned and required to appear before Ray Tabor or his delegate
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_Raymond J Tabor_     Revenue Agent
Signature of IRS officer serving the summons     Title

**Business address and telephone number of IRS officer before whom you are to appear:**

Internal Revenue Service, 8125 N. River Drive, Morton Grove, Il. 60053

Place and time for appearance at  Internal Revenue Service, 8125 N. River Drive, Morton Grove, Il. 60053

**IRS**

on the ___October___ day of ___22nd___, ___2007___ at ___9:00___ o'clock ___a___ m.

Issued under authority of the Internal Revenue Code this ___11th___ day of ___September___, ___2007___.

Department of the Treasury
Internal Revenue Service

_Raymond J Tabor_     Revenue Agent
Signature of issuing officer     Title

www.irs.gov

_Diane Ragsdale-Smith_     Group Manager
Signature of approving officer (if applicable)     Title

Form 2039 (Rev.12-2001)
Catalog Number 21405J

Part A - to be given to person summoned

# Provisions of the Internal Revenue Code

### Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

    (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry.
    (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
    (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -
    (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
    (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
    (3) Exceptions. - This subsection shall not apply-
        (A) to any contact which the taxpayer has authorized,
        (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
        (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-
    (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
    (2) Justice Department referral in effect. - For purposes of this subsection-
        (A) In general. - A Justice Department referral is in effect with respect to any person if-
            (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or
            (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
        (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-
            (i) the Attorney General notifies the Secretary, in writing, that -
                (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
                (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
                (III) he will discontinue such a grand jury investigation.
            (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
            (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in sub paragraph (A)(ii).
    (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

\* \* \* \* \*

### Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -
    (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
    (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -
        (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));
        (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
        (C) Any person extending credit through the use of credit cards or similar devices;
        (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
        (E) any attorney;
        (F) any accountant;
        (G) any barter exchange (as defined in section 6045(c)(3));
        (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
        (I) any enrolled agent; and
        (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

### Sec. 7604. Enforcement of summons

(a) Jurisdiction of Distinct Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States distinct court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner* for the district within which the person so summoned resides or is found for an attachment against him as for a contempt, it shall be the duty of the judge or commissioner* to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner* shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

\* \* \* \* \*

### Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

---

*Or United States magistrate, pursuant to P L. 90-578.

### Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -
    (1) fees and mileage to persons who are summoned to appear before the Secretary, and
    (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -
    (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
    (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

### Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form 2039 (Rev.12-2001)

# Notice to Third Party
# Recipient of IRS Summons

As a third-party recipient of a summons, you may be entitled to receive payment for certain costs directly incurred which are reasonably necessary to search for, reproduce, or transport records in order to comply with a summons.

This payment is made only at the rates established by the Internal Revenue Service to certain persons served with a summons to produce records or information in which the taxpayer does not have an ownership interest. The taxpayer to whose liability the summons relates and the taxpayer's officer, employee, agent, accountant, or attorney are not entitled to this payment. No payment will be made for any costs which you have charged or billed to other persons.

The rate for search costs is $8.50 an hour or fraction of an hour and is limited to the total amount of personnel time spent in locating and retrieving documents or information requested by the summons. Specific salaries of such persons may not be included in search costs. In addition, search costs do not include salaries, fees, or similar costs for analysis of material or for managerial or legal advice, expertise, research, or time spent for any of these activities. If itemized separately, search costs may include the actual costs of extracting information stored by computer in the format in which it is normally produced, based on computer time and necessary supplies; however, personnel time for computer search may be paid for only at the Internal Revenue Service rate specified above.

The rate for reproduction costs for making copies or duplicates of summoned documents, transcripts, and other similar material is 20 cents for each page. Photographs, films, and other material are reimbursed at cost.

The rate for transportation costs is the same as the actual cost necessary to transport personnel to locate and retrieve summoned records or information, or costs incurred solely by the need to transport the summoned material to the place of examination.

In addition to payment for search, reproduction, and transportation costs, persons who appear before an Internal Revenue Service officer in response to a summons may request payment for authorized witness fees and mileage fees. You may make this request by contacting the Internal Revenue Service officer or by claiming these costs separately on the itemized bill or invoice as explained below.

## Instructions for requesting payment

After the summons is served, your should keep an accurate record of personnel search time, computer costs, number of reproductions made, and transportation costs. Upon satisfactory compliance, you may submit an itemized bill or invoice to the Internal Revenue Service officer before whom you were summoned to appear, either in person or by mail to the address furnished by the Internal Revenue Service officer. Please write on the itemized bill or invoice the name of the taxpayer to whose liability the summons relates.

If you wish, Form 6863, Invoice and Authorization for Payment of Administrative Summons Expenses, may be used to request payment for search, reproduction, and transportation costs. Standard Form 1157, Claims for Witness Attendance Fees, Travel, and Miscellaneous Expenses, may be used to request payment for authorized witness fees and mileage fees. These forms are available from the Internal Revenue Service officer who issued the summons.

If you have any questions about the payment, please contact the Internal Revenue Service officer before whom you were summoned to appear.

Anyone submitting false claims for payment is subject to possible criminal prosecution.



Department of the Treasury
Internal Revenue Service

www.irs.gov

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

Part B — to be given to person summoned